UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HORACE EDWARD HOLLIS, JR., | ) |
| Petitioner, | ) ) ) |
| | ) No. 3 09 0354 |
| v., | ) (No. 3:08mc0303) |
| | ) Judge Echols |
| DICKSON COUNTY, ET AL., | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

The petitioner, proceeding *pro se* and *in forma pauperis*, brings this action under 28 U.S.C. § 2241. The petitioner's request for federal *habeas corpus* relief pertains to his November 21, 2008 extradition from Texas to Tennessee on state criminal charges arising in Tennessee.

The rules pertaining to 28 U.S.C. § 2254 cases are applicable to requests for *habeas corpus* relief under § 2241. Rule 1(b), Rules – § 2254 Cases. Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine *habeas* petitions to determine as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." If it appears on the face of the petition that the petitioner is not entitled to *habeas corpus* relief, then "the judge must dismiss the petition." *Id.*

The law is settled that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. 28 U.S.C. § 2254(b)(1)(A); *Martin v. Mitchell*, 280 F.3d 594, 602 (6th Cir. 2002). In other words, as a condition precedent to seeking federal *habeas corpus* relief, a petitioner must first have fairly presented his claims to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). This exhaustion requirement pertains to claim brought under § 2241. *See Fazzini v. Northeast Ohio*

*Correctional Center*, 473 F.3d 229, 235-236 (6th Cir. 2006); *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001); *Smith v. U.S. Parole Com'n*, 983 F.2d 1068, 1068 (6th Cir. 1992)

The petitioner does not assert, nor can it be liberally construed from the petition, that he exhausted his claim(s) in state court before raising them in this action. Therefore, the petition will be denied and this action dismissed without prejudice for failure to exhaust. Rule 4, Rules – Section 2254 Cases.

An appropriate Order will be entered.

Robert L. Echols
United States District Judge